IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH RAIGOSA, individually and as personal
representative of the Estate of Dorothy Raigosa, deceased,**

      **Plaintiff,**

    v.                                            No. CIV 04-0305 RLP/WDS

**ROADTEX TRANSPORTATION CORPORATION and
IGOR SKRYPNYK,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion for Partial Summary Judgment of the issue of liability. [Docket no. 40]. For the reasons stated herein, the Motion is Denied.

<u>Summary Judgment Standard</u>

Summary judgment is appropriate if the facts in the record show that there are no genuine issues as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of demonstrating the absence of material facts in dispute. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to establish the existence of an essential element of the claim on which it bears the burden of proof at trial. <u>Id.</u> "While the moving party bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the nonmovant's claims." <u>Jenkins v. Wood</u>, 81 F.3d 988, 990 (10th Cir.1996).

To satisfy this burden, the nonmoving party must go beyond the pleadings and designate specific facts to make a showing that there is a genuine issue for trial. <u>Ford v. West</u>, 222 F.3d 767,

774 (10th Cir.2000). In order to successfully resist summary judgment, there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Furthermore, a mere scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine; an issue of material fact is genuine "only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir.1997). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." Phillips v. Calhoun, 956 F.2d 949, 951 (10th Cir.1992) (citations omitted).

## Undisputed Facts

On May 9, 2003, Plaintiff Joseph Raigosa and his wife, Dorothy, were driving east-bound on Interstate 40 when their vehicle was struck from behind by a semi-tractor/trailer rig driven by Defendant Igor Skrypnyk, an employee of Defendant Roadtex Transportation Corporation. Plaintiff was injured and his wife killed in the resulting accident. The collision occurred during daylight hours on a clear, dry day, on a slight incline.

Although not set out with particularity, these additional facts are also not disputed: Plaintiff and his wife were in a 2001 Ford SUV that was hauling a trailer loaded with household goods.[1] Defendant Skrypnyk was driving within the speed limit.[2] Defendant Skrypnyk did not see the Raigosa vehicle on the roadway until immediately prior to impact.[3]

---

[1] Depo. Cage p. 58 line 22 - p. 59 l. 14; Accident report.

[2] Depo. Skrypnyk p. 34, l. 20-21, Accident report.

[3] "I don't remember where they appeared from but they were driving very slowly." Depo. Skrypnyck p. 34 l. 17-18;

"If I have seen that car before, I would have avoided the collision. I haven't seen it before at all." Depo. Skrypnyck, p. 41 l. 6-7;

Defendants contend that Summary Judgment on the issue of liability is not appropriate because genuine issues of material remain as to:

(1)     Whether the Raigosa vehicle pulled from off the shoulder directly into Defendant Skrypnyk's lane of travel immediately prior to the accident.

(2)     The comparative fault of the Plaintiff for hauling a home-made heavily loaded trailer in dust and high winds.

There is not a scintilla of evidence that the Raigosa vehicle was on the shoulder of the Interstate prior to the accident.  Defendant Skrypnyk did not testify that he saw the Raigosa vehicle pull out from the shoulder of the highway.  He testified that he did not see that vehicle anywhere until just prior to collision.  Depo. Skrypnyk p. 34 l. 17-18; p. 41 l. 6-7.  The accident investigation report noted no evidence which from it could be inferred that the Raigosa vehicle had pulled out from the shoulder of the highway.  Defendants have not tendered the affidavit of an accident reconstructionist to support the theory that the Raigosa vehicle pulled out from the shoulder of the highway.

There is not a scintilla of evidence that dust or reduced visibility contributed to the accident.  Although Officer Cage stated that there were high winds and a lot of dust on the day of the accident, he also stated that the dust did not reduce visibility.  Depo. Cage p. 61 l. 14-22.  Defendant Skrypnyk has never stated that dust was a factor, or was even present, at the time of the accident.  Defendants have produced no weather reports or newspaper accounts indicating that there were unusual, visibility-reducing dust storms in the area.

---

Q:  "So you didn't see (the Raigosa vehicle) on the shoulder: You just assumed that they were coming off the shoulder, it that correct?"
A:  "Yes, that is what I mean."  Depo. Skrypnyck p. 41. l. 8-11).

The only genuine issue of material fact is the speed at which the Raigosa vehicle was able to travel. Officer Cage testified that:

> [the Raigosa ] SUV was small. The trailer was pulling a heck of a load. It was going up a hill, a grade, a gradual grade over a distance. The wind was strong. It was having a hard time. It was a little vehicle. It was going slow. It was traveling slow. . . . I actually think it's going 40, 45 miles an hour. That would be normal. It could have been going 20 or 30, but is was under a heck of a load. It really was.

Depo. Cage p. 56, l. 5-17.

Under the facts of this case, this is a basis for a claim of comparative fault, and is therefore, a matter for the jury, not the court. Murphy v. Frinkman, 92 N.M. 428, 429-430, 589 P.2d 212, 213-214 (Ct. App. 1978).

**IT IS THEREFORE ORDERED** that Plaintiff Joseph Raigosa's Motion for Partial Summary Judgment of the issue of liability [Docket No. 40] is denied.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)