IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH RAIGOSA, individually and as personal
representative of the Estate of Dorothy Raigosa, deceased,**

   **Plaintiff,**

   v.              No. CIV 04-0305 RLP/WDS

**ROADTEX TRANSPORTATION CORPORATION and
IGOR SKRYPNYK,**

   **Defendants.**

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR
### SPOLIATION OF EVIDENCE

  **THIS MATTER COMES** before the court on Plaintiff's Motion for Sanctions for Spoliation of Evidence. (Docket No. 39). Having reviewed the motion, the memoranda submitted by the parties and the attached exhibits, I find that Plaintiff's Motion should be denied.

  This action arises from a motor vehicle accident. Plaintiff and his wife were driving a Ford SUV that was hauling a trailer packed with house hold goods. Defendant Skrypnyk, an employee of Defendant Roadtex, was driving a semi-tractor/trailer rig which rear-ended the trailer attached to the Raigosa SUV. Mrs. Raigosa died in the resulting accident.

  As a driver of a commercial motor vehicle, Defendant Skrkypnk was required to record his duty status, and his employer was required to maintain these records for a specified period of time. <u>Federal Motor Carrier Safety Administration Regulations</u>, §395.8. Failure to complete and/or preserve the record of duty activities can result in prosecution. <u>Id.</u> I will refer to these records as the log book. Plaintiff contends that Defendants negligently, recklessly or intentionally lost, or permitted the loss of the log book, that pursuant to New Mexico law such loss amounts to spoliation

of evidence, that he has been prejudiced by the inability to examine the log book and that appropriate sanctions for Defendants' loss of the log book include striking Defendants' defenses, prohibiting testimony regarding Defendants' compliance with Federal Motor Carrier Safety Regulations, or lesser sanctions in the court's discretion.

Defendant Skrypnyk provided his log book to investigating police officers immediately after the accident. After examination the log book was returned to him. No citations were issued to him for violating maximum on-duty hours for commercial drivers. He returned the log book to his rig and left it here while it was being repaired. When he retrieved the rig four months later, the log book was missing.

In a diversity actions, spoliation of evidence claims are governed by state law. Rowe v. Albertsons, Inc., 2004 W.L.2252064 (10th Cir. (Utah)) (Applying Texas law). New Mexico courts recognize the inherent power of the court to address prelitigation spoliation of evidence, which can be defined as

> "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Willard v. Caterpillar, Inc., 40 Cal.App.4th 892, 48 Cal.Rptr.2d 607, 616 (1995), overruled in part on other grounds by Cedars-Sinai Med. Ctr. v. Superior Court, 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511, 521 n. 4 (1998).

Restaurant Management Co. v. Kidde-Fenwal, Inc., 127 NM 708, 711, 986 P.2d 504, 507(NM App. 1999). Bad faith is not a necessary element. See Segura v. K-Mart Corporation, 133 N.M. 192, 195, 62 P.3d 283, 286 (NM App. 2002)(negligence sufficient basis upon which to evaluate spoliation of evidence). The penalty or sanction appropriate to destruction or loss of potentially relevant evidence should correspond to the degree of fault involved , "ranging from innocence through the degrees of negligence to intentionality" Restaurant Management Co. v. Kidde-Fenwal, Inc., 127 NM at 711,

986 P.2d at 507, quoting Welsh v. United States, 844 F.2d 1239, 1246 (6th Cir.1988).

In assessing a claim for sanctions based on spoliation of evidence, the court considers the degree of fault of the party who altered or destroyed the evidence; the degree of prejudice suffered by the opposing party; and whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. Restaurant Management Co. v. Kidde-Fenwal, Inc., 127 NM at 712, 986 P.2d at 508.

With respect to degree of fault, I find that Defendants negligently failed to preserve the driver's log. They knew or should have known that Federal regulations required maintaining and preserving the driver's log, and further knew or should have known that such logs would be important to litigation arising from any fatal accident.

With respect to prejudice suffered by Plaintiff, the log should have provided information not presently in evidence.[1] However, it is not known if Plaintiff has another source for this information. Officer Cage testified he didn't take custody of the driver's logs because they were examined by Sergeant Baldridge who said "they were current," and that "everything was fine. It checked out."[2] Sergeant Baldridge is a possible source for the information recorded in the driver's log. There is nothing before the court to indicate that Sergeant Baldridge is or has been unavailable.

Accordingly, I find that Plaintiff has not yet established the degree of prejudice that would

---

[1] Among other data, drivers must record their activities on a 24 hours basis. For every 24 hours period they must indicate the date, start time, the hours driven, the hours off-duty, the hours on-duty but not driving, the location of each change in status, and the total number of miles driven that day. Drivers are to submit the original record of duty status to their employing motor carrier within thirteen days of completion of the form. FMCSA Regulations §395.8.

[2] Deposition Cage, p. 57 l. 23 - p. 58 l. 6; p. 23 l. 22-24.

justify imposing of sanctions for spoliation of evidence.

Accordingly, it is hereby Ordered that Plaintiff's Motion for Sanctions for Spoliation of Evidence be and hereby is denied.

Richard L. Puglisi
United States Magistrate Judge