IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JOSEPH RAIGOSA, individually and as personal**
**representative of the Estate of Dorothy Raigosa, deceased,**

      **Plaintiff,**

      v.                        No. CIV 04-0305 RLP/WDS

**ROADTEX TRANSPORTATION CORPORATION and**
**IGOR SKRYPNYK,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF**
**PLAINTIFF'S ECONOMIC EXPERT**

      This matter comes before the court on Defendants' Motion to exclude the testimony of Dr. Everett G. Dillman, Plaintiff's economic expert.  Defendants contend that Plaintiff failed to timely disclose Dr. Dillman's report, as required by F.R.Civ. P. 26(a)(2), and that his testimony quantifing value of life (hedonic damages) and loss of consortium is speculative, unreliable and without adequate basis.

**Timeliness of Disclosure**

      Pursuant to the Initial Pretrial Report ("IPTR" herein)  entered August 9, 2004, Plaintiff was required to disclose the identity of his expert witnesses and provide copies of expert witness reports on or before September 17, 2004.  The IPTR also set November 16, 2004 as the date for terminating all discovery.  (Docket No. 16).  On September 17, 2004, Plaintiff and Defendants filed a stipulated motion requesting that Plaintiff be given an additional 60 days to disclose his economic expert and report.  Defendant would then be accorded an additional 30 days to provide reports of their economic

expert to Plaintiff. (Docket No. 24). This extension was requested because Plaintiff needed additional time to obtain tax and income information for Dorothy Raigosa. An Order granting the motion was entered on September 20, 2004. (Docket No. 26). On November 18, 2004, the day before the new disclosure deadline, Plaintiff advised Defendants that he had not yet received Mrs. Raigosa's tax and income information, which had been requested from the Internal Revenue Service. On December 7, 2004, Defendants' counsel wrote Plaintiff's counsel, noting that the extended disclosure deadline had passed, and asking whether Plaintiff planned to "abandon using Dr. Dillman." Dr. Dillman's Report, dated December 14, 2004, was provided to Defendants on December 20, 2004.

Defendants ask that Dr. Dillman be excluded from testifying. They contend that they have been prejudiced by the tardy disclosure of Dr. Dillman's report, because they have been prevented from preparing an effective cross examination, scheduling Dr. Dillman's deposition or obtaining expert testimony from other witnesses.

Pursuant to F.R.Civ.P. 37(c)(1): "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . .any witness or information not so disclosed . . ." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the trial court. Woodworker's Supply, Inc., v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999), quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996). In evaluating a failure to disclose, the court is to consider four factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworker's Supply, Id

Under these criteria, I find that the sanction Defendants' seek is inappropriate. There is no evidence that Plaintiff's tardiness in disclosing his economist's report was motivated by bad faith. Defendants were aware of the identity of Plaintiff's economist prior to the disclosure deadline. Defendants have retained an expert economist. (See Exhibit D to Memorandum in Support of Motion to Exclude Testimony of Dr. Dillman, Docket No. 42). Any detriment flowing from the tardy disclosure can be cured by permitting Defendants to take Dr. Dillman's testimony prior to trial, which is scheduled for May 23, 2005.

Plaintiff will make Dr.Dillman available for deposition at a date and time agreeable to Defendants, and in no event later than March 31, 2005. Defendants will have until April 14, 2005, to identify additional economic witness for trial, and to provide a copy of his or her report to Plaintiff. Defendants shall make their economic expert(s) available for deposition on or before April 28, 2005.

**Testimony related to value of life and loss of consortium**

Defendants seek to exclude portions of the testimony of Dr. Dillman, citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), which held that the admissibility of expert scientific testimony in federal trials is governed by Fed.R.Evid. 702  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the
> trier of fact to understand the evidence or to determine a fact in issue,
> a witness qualified as an expert by knowledge, skill, experience,
> training, or education, may testify thereto in the form of an opinion or
> otherwise.

 Fed.R.Evid. 702.  Under rule 702, the trial court acts as a gatekeeper,  and determines at the outset, "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of

3

fact to understand or determine a fact in issue." Daubert, 509 U.S. at 592, 113 S.Ct. at 2796. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id.

Dr. Dillman's report discusses "benchmark" values, estimating "hypothetical per diems of $10-$100 per day" suffered by Dorothy Raigosa for lost value of life, and by Plaintiff for loss of consortium. Defendants contend that Dr. Dillman's opinion as to these two areas of damages should be excluded because it is speculative, unreliable and lacking in adequate basis. In support of their position, Defendants proffer the affidavit of George F. Rhodes, Jr., PhD, an economist and Professor of Economics Emeritus at Colorado State University. In his affidavit, Dr. Rhodes states, albeit in greater detail, that there is no reliable or valid scientific procedure or test which can assign a numeric value to a human life, that there is no means by which an attempt to assign such a value can be tested, that no objective criteria exist by which to value human life, that economists have no training which would permit them to place a dollar value on the existence or enjoyment of life, and that none of the procedures used by economist to place a dollar value on life is based on a properly formulated scientific hypothesis and have not been validated or generally accepted.

New Mexico permits the recovery of hedonic damages for wrongful death as well as damages for loss of consortium. Romero v. Beyers, 117 N.M. 422, 428, 872 P.2d 840, 846 (1994) (wrongful death); UJI 13-1810A. (loss of consortium). However, expert testimony attempting to quantify such damages invades the fact finder's domain. Couch v. Astec Industries, Inc., 132 N.M. 631, 636 53 P.3d 398, 403 (Ct. App. 2002). I am persuaded by the weight of authority that rejects expert testimony placing a dollar figure on hedonic damages, finding such testimony unreliable, untestable,

4

failing to meet the requirement of general acceptability and/or invading the province of the fact finder. Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1244-1245 (10th Cir. 2000), citing Saia v. Sears Roebuck & Co., 47 F.Supp.2d 141, 148-49 (D.Mass.1999); Mercado v. Ahmed, 756 F.Supp. 1097 (N.D.Ill.1991), affirmed 974 F.2d 863, 869-870 (7th Cir. 1992); Brereton v. United States, 973 F.Supp. 752, 758 (E.D.Mich.1997); Kurncz v. Honda North America, 166 F.R.D. 386 (W.D.Mich.1996); McGuire v. City of Santa Fe, 954 F.Supp. 230, 232-33 (D.N.M.1996); Ayers v. Robinson, 887 F.Supp. 1049 (N.D.Ill.1995); Hein v. Merck & Co., 868 F.Supp. 230 (M.D.Tenn.1994); and Sullivan v. United States Gypsum Co., 862 F.Supp. 317. 320 (D.Kan.1994).

Similarly, Dr. Dillman's report, assigning a hypothetical present value per diem of $10 - $100 per day in no way assists the jury in evaluating loss of consortium, and his testimony is unreliable, untestable, fails to meet the requirement of general acceptability and/or invades the province of the fact finder. Dr. Dillman states that consortium is "abstract" and "intangible," and includes benefits such as "security, behavioral enforcement, comfort, ego support, encouragement, feelings of well-being, and feelings of being useful and needed." The benefits cited by Dr. Dillman are specific to the circumstances of individual relationships, and are measured not by benchmarks or hypothetical per diem figures, but by evidence of a sufficiently close and intimate relationship, taking into account factors including but not limited to

> duration of the relationship; mutual dependence; common contributions to a life together; shared experience; living in the same household; financial support and dependence; emotional reliance on each other; qualities of their day to day relationship; and the manner in which they related to each other in attending to life's mundane requirements.

Lozoya v. Sanchez, 133 N.M. 579, 588, 66 P.3d 948, 957, 2003-NMSC-009 (2003).

Accordingly, Dr. Dillman will not be permitted to testify as to aggregate or benchmark dollar figures in assessing monetary damages for loss of enjoyment of life or loss of consortium. He will, however be permitted to define the meaning of loss of enjoyment of life and loss of consortium, <u>Smith v. Ingersoll-Rand Co.</u>, 214 F.3d 1235, 1245-1246 (10th Cir. 2000) (economic expert permitted to explain his interpretation of the meaning of hedonic damages and offer broad areas of human experience which he would consider in assessing such damages).

**IT IS SO ORDERED**.

_____
RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE
(sitting by designation)