### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**JOSEPH RAIGOSA, individually and as personal**
**representative of the Estate of Dorothy Raigosa, deceased,**

      **Plaintiff,**

      **v.**                            **No. CIV 04-0305 RLP/WDS**

**ROADTEX TRANSPORTATION CORPORATION and**
**IGOR SKRYPNYK,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
### ON THE ISSUE OF PUNITIVE DAMAGES

This matter comes before the court on Defendants' Motion for Partial Summary Judgment on the issue of punitive damages.  The issue before the court is whether Plaintiff has presented evidence that Defendants engaged in any willful, wanton, intentional, reckless or deliberate acts for which Plaintiff may be awarded punitive damages.  For the reasons stated herein, Defendants' Motion is granted.

### Factual Background

On the afternoon of May 9, 2003,  Dorothy and Joseph Raigosa were driving a Ford SUV eastbound on Interstate 40 near Clines Corners, New Mexico, hauling a plywood trailer of household goods.  For the purposes of this Motion, Defendants assume that the Raigosas were traveling at a safe rate of speed. Defendant Skrypnyk, a commercial driver for Roadtex Transportation, was driving a tractor-trailer rig east bound on Interstate 40, traveling between 70 and 75 miles per hour.  The posted speed at the portion of the Interstate is 75 miles per hour.  Defendant Skrypnyk ran into and

over the trailer being hauled by the Raigosas.[1]  As a result of the impact, Mrs. Raigosa, the driver of

the Ford SUV, lost control of her vehicle, which overturned.  Mr. Raigosa was injured and Mrs.

Raigosa  was killed in the accident.  Although the day was windy, there is no evidence that  weather

or road conditions contributed to the accident.  Following the accident, Defendant Skrypnyk was

interviewed by State Police Officer Hal Cage, and told him that he had "misjudged the distance, the

closing distance on that vehicle, it going slow, him going fast, and he misjudged the distance and

speed and he ended up going over them."[2] A toxicology screen administered to Defendant Skrypnyk

following the accident was negative for controlled substances.[3]

## Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and

admissions of file, together with the affidavits, if any, show that there is no genuine issue of material

fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).  An

issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could

find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit

under governing law.[4]  The court must view the evidence in a light most favorable to the nonmoving

---

[1]There is as question of fact as to whether Mr. Skrypnyk applied his brakes before impact.  He testified that he did.  (Depo Skrypnyk p. 39, l. 23-25).  An eyewitness statement taken at the scene indicated that Defendant Skrypnyk had been traveling directly behind the Plaintiff, had applied his brakes, but was unable to avoid making contact with trailer pulled by the Raigosas.  [Accident Report, Ex. 2]. The investigating office, Hal Cage, testified that braking did not occur until after impact. (Depo. Cage, p. 32 l. 3-14).

[2]Deposition of Officer Cage, p. 16, lines 9-12.

[3]See Ex. E to Defendants' Response in Opposition to Plaintiff's Motion for Sanctions for Spoliation of Evidence, Docket No.  45.

[4]See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

party and draw all reasonable inferences in the nonmovant's favor.[5]

The moving party has the burden of showing the absence of a genuine issue concerning any material fact.[6]  This burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact.[7]  The party resisting the motion must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8]

**Elements of a Punitive Damage Claim**

Punitive damages may be awarded only upon proof that a defendant acted willfully, wantonly, maliciously, recklessly, oppressively or fraudulently.[9]  To be liable for punitive damages, "[t]he defendant must act knowingly, displaying an evil motive or culpable mental state."[10]  At a minimum, Plaintiff must prove conscious or deliberate disregard of a potential harm in order to justify an award of punitive damages.[11]

**Punitive Damage Claim Against Defendant Skrypnyk**

Defendants contend that Plaintiff's claims for punitive damages against Defendant Skrypnyk

---

[5]See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

[6]See Adickes V.S.H. Kress & Co., 398 U.S. 144, 157 (1970).

[7]See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1968).

[8]Manders v. Oklahoma ex rel Dep't of Mental Health, 875 F.2d 263, 265 (10th Cir. 1989).

[9]Torres v. El Paso Electric Co., 1999-NMSC-029, ¶27, 987 P.2d 386, 397; See also Rule 13-1827 NMRA.

[10]Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1250 (10th Cir. 2000).

[11]Paiz v. State Farm Fire & Cas. Co., 118 NM 203, 212, 880 P.2d 300, 309 (1994).

must be dismissed because there is no evidence that he acted maliciously[12], wantonly[13], recklessly[14], or with a culpable mental state.

Plaintiff contends that there are genuine issues of material fact as to whether Defendant Skrypnyk's actions rise to a level which would support a claim for punitive damages, citing to the lack of contributing weather or road factors, excellent visibility, whether he applied his brakes prior to impact, his demeanor after the accident[15], the loss of his driver's log book following the accident, and his citation for and payment of a fine for careless driving pursuant to NMSA 66-8-114.[16]

The citation for and payment of a fine for careless driving does not support a claim for punitive damages. While this offense may indicate carelessness or inattention, it does not presume malice, wantonness or recklessness. Further, extreme carelessness is not a sufficient basis upon which to award punitive damages:

---

[12] Malice is defined as "1. The intent, without justification or excuse, to commit a wrongful act. 2. Reckless disregard of the law or of a person's legal rights. 3. Ill will; wickedness of heart." Black's Law Dictionary, 8th ed., 2004.

[13] Wanton conduct is the doing of an act with utter indifference to, or conscious disregard for, a person's safety. Torres v. El Paso Electric Co., 1999-NMSC-029, ¶27.

[14] Reckless conduct involves the intentional doing of an act with utter indifference to the consequences. Gonzales v. Surgidev, 120 NM 133, 145, 899 P.2d 576, 588 (1995).

[15] Officer Cage described Mr. Skrypnyk as shrugging his shoulders and smirking, and stated that "[Skrypnyk] didn't understand the significance of his error. . ." (Deposition Cage p. 17, l. 15-21)

[16] NMSA 66-8-114 provides:

A. Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.

B. Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

> Since [punitive] damages are assessed for punishment and not for reparation, a positive element of conscious wrongdoing is always required.   It must be shown either that the defendant was actuated by ill will, malice, or evil motive ..., or by fraudulent purposes, or that he was so wanton and reckless as to evince a conscious disregard of the rights of others.  "Gross negligence" is a somewhat ambiguous expression.   In the sense of <u>extreme carelessness</u> merely, it would probably not suffice, but only when it goes further and amounts to conscious indifference to harmful consequences. [Emphasis added;  footnotes omitted.]

<u>Paiz v. State Farm Fire and Casualty Company</u> 118 NM 203, 211, 880 P.2d 300, 308 (1994).

From the loss of the driver's log book, Plaintiff asks that the court to infer that Defendant Skrypnyk had driving been excessive hours prior to the accident, and that his inattention was due to driver fatigue.  Defendant Skrypnyk handed the log to investigating officers after the accident.[17]  The testimony of the officer who examined the log book is not before the court.  Officer Cage testified that he was told by the examining officer that the log was in order.[18]  Both parties have cited to a computer generated report which indicates the time, date and location of fuel and other product purchases by Defendant Skrypnyk in the days prior to the accident.[19]   This document provides no inference, one way or the other, relative to driver fatigue.

The occurrence of the collision on a straight road, during daylight, with no adverse weather conditions does not indicate that Defendant Skrypnyk possessed a culpable state of mind.  The undisputed evidence is that he was not speeding and that he was not impaired by drugs.  There is no evidence to indicate that he had been observed driving recklessly prior to the accident.  Although his

---

[17]Depo. Cage. p. 57 l. 19- p. 58 l. 2.

[18]Depo Cage, p. 23, l. 20-24.

[19]The report indicates the following stops prior to the accident:  May 6, 2003  12:29  Texico, NM; May 7, 2003  9:10  El Paso, TX;  May 7, 2003   19:03  Lordsburg, NM;   May 8, 2003  10:20  North Palms, CA.

driver's log is not before the court, it was evaluated by an investigating officer and no problems were noted.

Because Defendant Skrypnyk is  not liable for punitive damages, neither is his employer, Roadtex.[20]

**THEREFORE I FIND** that there exist no genuine issues of material fact, and that Defendants are entitled to Partial Summary Judgment on the issue of punitive damages.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE
(sitting by designation)

---

[20]Rule 13-1827 NMRA.